## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 14-10105 |
| Robert J. Meier, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| Baby Supermall, LLC ) | |
| f/k/a Robert Meier, LLC ) | Hon. Jack B. Schmetterer |
| an Illinois Limited Liability Company ) | |
| ) | Adv. Proc. No. |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| Robert Meier ) | |
| ) | |
| Defendant ) | |

### PUTATIVE COMPLAINT

Baby Supermall, LLC ("BSM"), for its putative complaint against the Debtor, Robert Meier ("Meier"), states as follows:

### JURISDICTION

1. The Bankruptcy Court exercises jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(B), (E), (H), (K) and (O).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### MEIER'S BANKRUPTCY CASE

3. The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 United States Code on March 20, 2014. [*Docket No.* 1].

4. The Debtor filed his schedules of assets and liabilities on April 2, 2014. [*Docket No.* 18]. The schedules acknowledge the following:

      a.    The Debtor owns an unencumbered tenants by the entirety interest in a personal residence located at 2307 N. James Court Arlington Heights, IL. The value of the residence is estimated at $750,000;

      b.    BSM has a contingent claim against the Debtor of $1,700,000 relating to various loans and advances from the Debtor;

      c.    The Debtor has a claim against BSM in the amount of $2,800,000 relating to various accrued compensation and profit sharing plans; and

      d.    The Debtor owns 70 of the 80 outstanding limited liability units of BSM.

5.    Meier's Form B-61, included with his schedules of assets and liabilities, states that Meier is and for the last 11 years has been the president of BSM and that as of March 20, 2014 his current monthly gross wages, salary and commissions are $29,167.

6.    Prior to the bankruptcy Edward Shrock ("Shrock"), BSM's minority member, filed a complaint in the Circuit Court of Cook County captioned *Shrock v. Meier*, Case No. 09-L-1455. In that action, Shrock sought damages from Meier on several theories of relief.

7.    On July 28, 2014, the Bankruptcy Court entered an order, [*Docket No.* 113], granting creditor Edward Shrock's motion of for limited stay relief to allow the Circuit Court of Cook County to determine "Compensatory damages and other monetary damages arising out of or related to the agreements by and/or among Baby Supermall LLC ("BSM") and Meier, Silvia Suby and David Suby:…"

8.    On July 28, 2014, the Court dismissed *Meier v. Baby Supermall, LLC*, Case No. 14-ap-00237, an adversary action which sought dissolution of Baby Supermall. Meier subsequently filed a claim for dissolution in the state court proceeding, *Shrock v. Meier*, Case No. 09-L-1455

### COMMON FACTUAL ALLEGATIONS

9.    BSM was formed as a manager-managed Illinois limited liability company on or about October 21 of 2003.

- 4 -

10. Meier is BSM's sole manager.

11. BSM is an internet retailer of baby products.

12. At all relevant times Meier owned 87.5 % of BSM and Shrock owned 12.5% of BSM.

13. On February 9, 2009, Shrock filed a 33-count complaint against Meier in the Circuit Court of Cook County.

14. Subsequently, Shrock filed a 36-count amended complaint against Meier, joining BSM, Meier's wife, Silvia Suby, her son David Suby and Alexander Nishman as additional nominal defendants. Later, he moved to file second amended complaint against Meier and the previously-joined defendants. The Circuit Court granted Shrock's motion to file a second amended complaint against Meier but denied Shrock's motion to join any additional defendants. Therefore, the Circuit Court Case remains pending with Meier as the sole defendant.

15. The gravamen of Shrock's complaint against Meier is that Meier caused BSM to make excessive distributions to or for the benefit of Meier and other insiders, while at the same time oppressing Shrock by refusing to make distributions on account of Shrock's 12.5% ownership.

16. In 2010, BSM borrowed more than $700,000 from Union National Bank and within days BSM lent Meier over $700,000 in order to buy his residence in Arlington Heights which residence is presently unencumbered. From time to time, BSM also loaned additional funds to Meier, which as scheduled, total $1,700,000.

17. Prior to the filing of Meier's Bankruptcy Case, Meier, as the manager of BSM, caused BSM to make the following transfers, inclusive of salary, to or for the benefit of himself and other non-Shrock insiders of BSM:

| | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| Robert Meier | 302 | 883 | 927 | 1,364 | 1,057 | 3,018 | 889 | 948 | 1,210 | 10,598 |
| Silvia Suby | 80 | 209 | 677 | 269 | 338 | 433 | 264 | 420 | 175 | 2,865 |
| Joseph Meier | - | - | - | - | - | 137 | 180 | 209 | 171 | 696 |
| David Suby | 21 | 140 | 206 | 259 | 451 | 169 | 290 | 425 | 225 | 2,186 |
| | 403 | 1,232 | 1,810 | 1,893 | 1,846 | 3,756 | 1,623 | 2,002 | 1,781 | 16,345 |

## CAUSES OF ACTION

## COUNT I

18. BSM realleges and incorporates by reference all of the allegations set forth in Paragraphs 1-17.

19. Prior to the Petition Date, Meier was the sole manager of BSM.

20. Meier had a duty to BSM and its members pursuant to 805 ILCS 180/15-3(b), (c) and (g)(2).

21. Shrock contends in the state court action that Meier breached these duties by:

   a. Taking or authorizing distributions to insiders which were not the result of fair dealing;

   b. Taking or authorizing distributions to insiders for less than reasonably equivalent value;

   c. Taking or authorizing distributions to insiders rather than utilizing such property as working capital for BSM; and

   d. Failing to maximize the economic value of BSM.

22. Depending on the resolution of the state court action, and the claims determined to be owed to Shrock by BSM, BSM may have claims against Meier related to his conduct alleged in Paragraph 21(a) through (d) if BSM was insolvent when the transfers identified in Paragraph 17 were made or had unreasonably small capital to conduct its business after the transfers identified in Paragraph 17 were made.

23. As a direct and proximate result of the transfers identified in Paragraph 17 above, BSM's business may have been harmed and its interests may have been impaired.

- 6 -

WHEREFORE, BSM requests the entry of a judgment against Meier in an amount to be determined at trial and granting such further relief as is just and proper.

## COUNT II

24. BSM realleges and incorporates by reference all of the allegations set forth in Paragraphs 1-23.

25. BSM loaned Meier $788,000 which Meier used to purchase his personal residence, which residence is presently unencumbered.

26. As a result of the acts alleged, in paragraphs 16 and 25 and because the loan from Union National Bank to BSM remains unpaid, the Court should impose a constructive trust on Meier's home for the benefit of BSM.

WHEREFORE, BSM requests that in to the extent the loan from Union National Bank remains unpaid that this Court impose a constructive trust on Meier's home for the use and benefit of BSM, which shall operate as a first priority lien on that property.

Respectfully submitted,

BABY SUPERMALL, LLC

By: _____

Daniel A. Zazove, ARDC No. 3104117
Kathleen A. Stetsko, ARDC No. 6297704
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL  60603-5559
312.324.8400