United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Robert J. Meier,<br><br>Debtor. | Bankruptcy No. 14-bk-10105<br><br>Chapter 11 |

## MEMORANDUM OPINION ON EDWARD SHROCK'S OBJECTION TO CLAIM Nº 6 OF MARTHA MEIER

Robert Meier ("Robert") and Martha Meier (now Maggiore, referred to herein as "Martha") divorced in 2010. The judgment of divorce was entered together with a Marriage Settlement Agreement ("MSA") which provided, among other provisions not relevant here, for Robert to pay Martha $4 million in spousal support to be paid in $33,333.34 monthly installments over ten years and $400,000 in property settlement to be paid in 2021. Robert was current on support payments up until he filed for his above-titled petition for chapter 11 relief. Martha timely filed her proof of claim for $2,733,333.80, claiming the entire amount as a priority as a domestic support obligations under 11 U.S.C. § 507(a)(1)(A). Edward Shrock ("Shrock"), another creditor of Robert's, objected to her entire support claim on grounds that domestic support obligations due and owing in the future are not allowable claims in bankruptcy. Subsequently, the proof of claim was amended to reflect that $2,333,333 is for domestic support obligations, and $400,000 is for division of property.

Shrock also argues that the entire claimed amount should be recharacterized as future domestic support obligations because of the initial claim which he calls a judicial admission.

Pursuant to the discussion below, Shrock's objection will be sustained as to the $2,333,333 claim, and overruled as to $400,000 division of property claim. By separate order, Martha's claim will therefore be allowed as to $400,000 in property division, disallowed as to the rest.

## FINDINGS OF FACT

The parties presented evidence on October 14, 2014. Martha Meier was the only witness who testified. The proof of claim and the amended proof of claim were admitted into evidence. The amended proof of claim contained the divorce decree, which in turn contained the MSA. The MSA provided that Martha was entitled to:

i. $1.2 million for property settlement (p.9) within 90 days from the entry of Judgment for Dissolution (i.e., no later than April 15, 2010)

ii. $400,000 for property settlement by February 2021 (p.7);

iii. $4,000,000 for spousal support in $33,333 monthly payments over 120 months (ten years), starting February 1, 2010 (p.4)

Martha testified that in the 50 months between Feb 1, 2010 and March 20, 2014 when the petition was filed, all fifty payments due during that period were made, totaling $1,666,667. That left a balance due in the future totaling $2,333,333 for spousal support to be made in monthly payments, the amount claimed.

In addition, Martha testified that she understood the different tax consequences to her of the payments for property settlement and spousal support. Other facts set forth below will stand as additional Findings of Fact.

## CONCLUSIONS OF LAW

### JURISDICTION

Jurisdiction lies under 28 U.S.C. § 1334. That authority may be delegated to the bankruptcy court under 28 U.S.C. §§ 157(b)(2), and has been delegated by our District Court through Internal Operating Procedure 15(a). An objection to a claim under 11 U.S.C. § 507(a) is a core proceeding. 28 U.S.C. § 157(b)(2)(B). It "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

#### SHROCK DID NOT WAIVE HIS OBJECTION

Martha argues that Shrock has waived his objection by failing properly to plead a basis for it. The Final Pretrial Order provided, "Any party not filing proposed Conclusions of Law or a brief may be found to have waived legal issues not thereby presented." (Dkt. 202, p. 2) The basis of Shrock's objection claim is found at 11 U.S.C. § 502(b)(5), and indeed Shrock failed to mention that provision before the deadline for submitting findings of fact and conclusions of law. However, Shrock does point to language in § 507(a)(1) [at Dkt. 221 ¶ 11], and those two clauses are related. Therefore, Shrock sufficiently raised the legal issue, and did not waive his objection based on § 502(b)(5).

#### POST-PETITION DOMESTIC SUPPORT OBLIGATIONS ARE NOT ALLOWABLE AS A CLAIM

Section 502(b)(5) provides that a claim shall not be allowed if, with certain exceptions not relevant here, "such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title." Section 523(a)(5) excepts domestic support obligations from discharge. Section 507(a)(1)(A) provides first-priority status for "allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, *are owed to or recoverable* by a spouse..." 11 U.S.C. § 507(a)(1)(A) (emphasis added). Unmatured domestic support obligations are not allowed claims, and therefore are not entitled to priority status under § 507(a)(1)(A).

That is, prepetition domestic support obligations are given priority status, while post-petition domestic support obligations are not allowed claims, but are non-dischargeable. *See In re Young*, 497 B.R. 904, 917-18 (W.D. Ark. 2013).

Here, the divorce settlement provided that Robert owed Martha $4 million in "lump sum" maintenance, which was to be paid in equal monthly installments commencing on February 1, 2010. Thus, the question is whether the amount remaining due post-bankruptcy is "unmatured." Under Illinois law, "A marital settlement

3

agreement is construed in the manner of any other contract, and the court must ascertain the parties' intent from the language of the agreement." *Blum v. Koster*, 235 Ill. 2d 21, 33 (2009). Martha Meier argues that all future due payments had matured because they were and are "unconditionally due and owing," because they are "unreviewable and unmodifiable" and thus "vested" by terms of the MSA.

Just because the payments under the marriage settlement agreement are unreviewable and unmodifiable does not mean that they are presently due and owing. "With an unmatured obligation, the right to payment exists from the outset, but the time of payment is deferred." *In re Lambert*, 43 B.R. 913, 923 (Bankr. D. Utah 1984). Courts must "determine the character of a contract from its substantive effects, not from the labels that parties prefer to place on its provisions." *Learning Curve Int'l, Inc. v. Seyfarth Shaw, LLP*, 392 Ill. App. 3d 1068, 1074 (2009). Here, the MSA labeled the entire spousal support a "lump sum" but provided that Robert was to pay in monthly installments. (MSA 2.1-A.) The MSA also provided circumstances in which all monthly installments would become due and owing immediately:

(i.) if Robert missed three payments in two years (2.1-A(i).),

(ii.) if Robert sold the Company for more than twice the outstanding balance due (2.1-A(ii)), or

(iii.) if Robert died (2.1(A)(iii)).

Martha argues that the foregoing terms accelerating payments, and provisions for an insurance policy required by the MSA to protect future payments, all suggest that the $2.7 million balance due is currently matured because of the certainty of payment. To the contrary, the acceleration clauses made clear that the future payments were not currently payable, but only become payable upon the happening of certain events. Martha cannot now sue outside of bankruptcy to recover future payments unless a contingency occurs, and nothing in the bankruptcy code suggests that domestic support obligations due in the future are accelerated by the filing of a bankruptcy petition.

4

The better approach is to give effect to what the divorce settlement actually does, (provide for payments due in monthly installments) not to what it says when it refers to a stream of payments as a "lump sum." Thus, the $2.7 million in future domestic support obligations are unmatured, and therefore are not allowable under § 502(b)(5), but also they are not dischargeable.

## THE AMENDED PROOF OF CLAIM SHOULD CONTROL

Creditor Edward Shrock also argues that the entire $2.7 million claim should be treated as a domestic support obligation as stated in the original proof of claim (No. 6-1) states, rather than $2.3 million for domestic support obligations and $400,000 for a division of property as stated in the amended proof (No. 6-2). Shrock argues that Martha should be bound to her original proof of claim as a judicial admission. The original proof of claim was filed on June 30, 2014, the last day to file claims. The amended proof of claim was filed on September 12, 2014, so it would be time barred unless it is deemed an amendment to the original proof of claim.

Rule 7015 (F.R. Bankr. P., applying Rule 15, F.R. Civ. P. to adversary proceedings) generally governs amendments to proofs of claim. Although an objection to proof of claim is not generally an adversary proceeding, Rule 9014 (F.R. Bankr. P.) allows a bankruptcy court to apply Rule 7015 to any contested matter. *In re Stavriotis*, 977 F.2d 1202, 1204 (7th Cir. 1992) (applying Rule 7015 to an objection to an amended proof of claim filed after the claims bar date). "Rule 15 favors liberal amendment of pleadings in order to insure consideration of claims on their merits." *Id*. However, bankruptcy courts are not required to permit late amendments which are primarily used as a back-door route to secure bar-date extensions. *Id*. at 1206.

"A judicial admission arises by way of factual assertions in pleadings, stipulations, statements in pretrial orders, and by responses to requests to admit." *American Title Insurance Company v. Lacelaw Corporation*, 861 F.2d 224, 226 (9th Cir.1988); *In re Prairie Trunk Railway*, 1991 WL 149601, (Bankr.N.D.Ill. July 23, 1991). However, it is

5

Rule 7015, which would supersede any "admission" made on the proof of claim form. *In re Xechem Intern, Inc.*, 424 B.R. 836, 841 (Bankr. N.D. Ill. 2010). Further, judicial admissions are as to matters of fact, not conclusions of law. *McCaskill v. SCI Mgm't Corp.*, 298 F.3d 677, 682 (7th Cir. 2002) (Rovner, J., concurring). Here, priority status is a conclusion of law, not a matter of fact. Moreover, it is unquestionably within the discretion of the Court not to find a judicial admission where it appears that the fact to be admitted is clearly untrue. *New Amsterdam Cas. Co v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963).

Shrock argues that the incorrect original proof of claim should be a binding judicial admission. But here the amended proof of claim is correct and substantiated by the MSA. The amended proof of claim appended a copy of the judgment of divorce together with the MSA, which substantiated the claim. While the original proof of claim was only an assertion of a right to payment, the amended proof of claim included the factual basis for the claim. Amendment of the proof of claim was therefore proper, and no judicial admission arises. Alternatively, a judicial admission would be improper because Shrock seeks a judicial admission of a conclusion of law, not a matter of fact. Accordingly, no judicial admission is found, and the $400,000 designated in the MSA for property division is not a domestic support obligation.

## CONCLUSION

For the foregoing reasons, Shrock's objection will by separate order be sustained as to the $2,333,333 claim, and overruled as to the $400,000 claim. Martha's claim will thereby be allowed as to $400,000 in property division, disallowed as to the rest of her future claims.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 24th day of November, 2014.

7

## Certificate of Service

I, James Liu, certify that on November 24, 2014, I caused to be served copies of the foregoing document to the following on the attached service list by electronic service through the Court's CM/ECF system or regular U.S. mail:

Law Clerk

### Electronic Service through CM/ECF System

Paul M Bauch on behalf of Debtor Robert J. Meier
Carolina Y Sales on behalf of Debtor Robert J. Meier
Kenneth A. Michaels, Jr on behalf of Debtor Robert J. Meier
pbauch@bauch-michaels.com, csales@bauch-michaels.com,
kmichaels@bauch-michaels.com, smohan@bauch-michaels.com

John F Hiltz on behalf of Creditor Martha Meier
Blair Zanzig on behalf of Creditor Martha Meier
jhiltz@hwzlaw.com, bzanzig@hwzlaw.com, kwantuch@hwzlaw.com

John Xydakis on behalf of Creditor Edward Shrock
Steve Jakubowski on behalf of Creditor Edward Shrock
johnxlaw@gmail.com, sjakubowski@rsplaw.com, docketing@rsplaw.com

Patrick S Layng, U.S. Trustee
S.ECF@usdoj.gov

Patrick F Ross on behalf of Creditor Ungaretti & Harris LLP
pfross@uhlaw.com, kburde@uhlaw.com, rjanczak@uhlaw.com, jtruskusky@uhlaw.com,
sbmiller@uhlaw.com

Daniel A Zazove on behalf of Creditor Baby Supermall
Kathleen A Stetsko on behalf of Creditor Baby Supermall
kstetsko@perkinscoie.com, docketchi@perkinscoie.com