United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Robert J. Meier,<br><br>　　　　　　　Debtor. | Bankruptcy No. 14-bk-10105<br><br>Chapter 7 (Converted from Chapter 11) |

## MEMORANDUM OPINION ON MOTION FOR TURNOVER OF DIP ACCOUNT

Robert Meier ("Meier") filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code on March 20, 2014. After lengthy litigation both here and in state court, Meier voluntarily converted his case to Chapter 7. After conversion to Chapter 7, Meier filed a final report which identified the $98,004.23 in his Debtor in Possession ("DIP") checking account as "not property of the estate." (Dkt. 387 at 2.) Creditor Edward Shrock filed a motion to compel turnover of those funds to the trustee. (Dkt. 405.) When the motion was heard on presentment, the Trustee adopted Shrock's motion. (Dkt. 415.) Meier contends that a Chapter 11 debtor's post-petition personal services income does not become property of the Chapter 7 estate upon conversion to Chapter 7. He contends alternatively that, even if it does become estate property, 85% would be exempt as wages under the Illinois Wage Deduction Act, 735 ILCS 5/12-803.

For reasons stated below, all of the subject fund was property of the Chapter 7 estate, and none may be claimed as exempt.

### DISCUSSION

#### JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (E). It seeks to determine whether money held by the debtor in possession for the Chapter 11 estate becomes property of

the Chapter 7 estate upon conversion. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### POST-CONVERSION PROPERTY OF THE ESTATE

11 U.S.C. § 541(a)(6) provides that property of the estate includes "Proceeds, product, offspring, rents, or profits of or from property of the estate, *except* such as are earnings from services performed by an individual debtor after the commencement of the case." (emphasis supplied)

11 U.S.C. § 1115(a)(2) provides that in a Chapter 11, property of the estate also includes "earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first." This is exactly the same language as § 1306(a)(2), its Chapter 13 counterpart.

11 U.S.C. § 348(f)(1) provides (with an exception for a bad faith conversion):

> [W]hen a case under chapter 13 of this title is converted to a case under another chapter under this title—(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion.

Accordingly, post-petition income of the debtor does not become property of the estate under Chapter 13.

There is no equivalent to § 348(f)(1) for Chapter 11. Accordingly, post-petition income of a Chapter 11 debtor would become property of the Chapter 7 estate upon conversion.

Debtor's best precedent is *In re Markosian*, 506 B.R. 273, 276 (9th Cir. BAP 2014). *Markosian* concluded that § 348(f)(1) applies to conversions from Chapter 11, even though by its terms, it only applies to conversions from Chapter 13. *Id*. The BAP opinion

2

reasons that the legislative history of § 348(f)(1) shows that it was enacted in the 1994 amendments to the Bankruptcy Code to resolve a circuit split on the interpretation of § 1306(a)(2), and thus showed that Congress rejected the conclusion of the Seventh Circuit in *Lybrooks*. *Id.* at 277.

In *In re Lybrook*, Chapter 13 debtors received $70,000 which was includable in their Chapter 13 estate, but would not have been includable in their Chapter 7 estate if they had filed Chapter 7 in the first place. 951 F.2d 136, 137 (7th Cir. 1991) (Posner, J.). The debtors converted to a Chapter 7. *Id.* Debtors argued that the $70,000 they received post-petition was not property of the Chapter 7 estate after conversion because § 348(a)(1) provides:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

Judge Posner reasoned that there were two equally plausible interpretations of § 348(a): First, that "the Chapter 7 proceeding should therefore be deemed to have begun on the day the Chapter 13 proceeding was filed, then, given that the Chapter 7 estate is limited ... to property belonging to the debtor on the date of filing." *Id.* Second, "that conversion from Chapter 13 to Chapter 7 does not affect the bankrupt estate but merely assures the continuity of the case for purposes of filing fees, preferences, statutes of limitations, and so forth." *Id.* Based on policy grounds, the Seventh Circuit ruled, "that a rule of once in, always in is necessary to discourage strategic, opportunistic behavior that hurts creditors without advancing any legitimate interest of debtors." *Id.* That is, once property is in a bankruptcy estate, it remains part of the estate even if the case is converted to another chapter.

The 9th Circuit BAP's opinion in *Markosian* reasoned that when Congress added

3

§ 1115(a)(2), it neglected to fix § 348(f) because there was no reason to treat Chapter 11 and Chapter 13 debtors differently. 506 B.R. at 277. Section 1115(a)(2) – expanding the estate for individuals in Chapter 11 – was added in the 2005 reforms to the Bankruptcy Code, but without a concomitant change in § 348. *Id.* That argument was not right because when § 348(a)(1) was enacted in 1994, Chapter 12 contained § 1207(a)(2), its own equivalent to § 1306(a)(2), which had been enacted in 1986. PL 99–554 (HR 5316), PL 99–554, October 27, 1986, 100 Stat 3088. Section 348(f)(1), added in 1994, only affects conversions from Chapter 13. If Congress had meant to reject the rule in *Lybrooks* generally instead of only in Chapter 13, it could have done so. Instead, there is an express statutory command that rejects the *Lybrooks* rule for conversions from Chapter 13. § 348(f)(1). However, there is no such statute for Chapter 11, so the *In re Lybrook* interpretation of §348(a)(1) is still law of this Circuit. Therefore, personal income of a Chapter 11 debtor is property of the Chapter 7 estate after conversion.

### DEBTOR'S CLAIM OF EXEMPTION UNDER THE ILLINOIS WAGE DEDUCTION ACT

The Illinois Wage Deduction Act, 735 ILCA 5/12-803 provides: "Wages subject to collection. The wages, salary, commissions and bonuses subject to collection under a deduction order, for any work week shall be the lesser of (1) 15% of such gross amount paid for that week or (2) … [a calculation based on the minimum wage not relevant here]."

Meier cites *In re Mayer* as recognizing that the Illinois Wage Deduction Act creates an exemption for wages. 388 B.R. 869 (Bankr. N.D. Ill. 2008) (Wedoff, J.). However, *Mayer* makes clear that the statute creates an exemption for *unpaid* wages. *Id.* at 872. Here, the money in the DIP account has been paid by the employer already, so the Illinois Wage Deduction Act does not apply. Accordingly, none of the money in the DIP account is subject to the claimed exemption.

The Trustee cites a number of cases, including *In re Koeneman*, in which a district court judge disagreed sharply with the analysis in *Mayer*, and concluded that no

4

exemption arises from the Illinois Wage Deduction Act. 410 B.R. 820 (C.D. Ill. 2009). But since the money in the DIP account is not exempt, there is no need to rely on *Koeneman*.

## CONCLUSION

The money in the subject DIP account is property of the estate, and is not subject to any exemption. Accordingly, all money in the DIP account must be turned over to the Chapter 7 trustee. The motion of the Trustee to settle for half will be denied because it does not fall within the reasonable range of litigation possibilities, and the hearing scheduled to trace the source of funds into the account will be canceled.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 3d day of April, 2015

## Certificate of Service

I, James Liu, certify that on April 3, 2015, I caused to be served copies of the foregoing document to the following on the attached service list by electronic service through the Court's CM/ECF system or regular U.S. mail:

*[signature]*

Law Clerk

## Electronic Service through CM/ECF System

Paul M Bauch on behalf of Debtor Robert J. Meier
Carolina Y Sales on behalf of Debtor Robert J. Meier
Kenneth A. Michaels, Jr on behalf of Debtor Robert J. Meier
pbauch@bauch-michaels.com, csales@bauch-michaels.com,
kmichaels@bauch-michaels.com, smohan@bauch-michaels.com

John F Hiltz on behalf of Creditor Martha Meier
Blair Zanzig on behalf of Creditor Martha Meier
jhiltz@hwzlaw.com, bzanzig@hwzlaw.com, kwantuch@hwzlaw.com

John Xydakis on behalf of Creditor Edward Shrock
Steve Jakubowski on behalf of Creditor Edward Shrock
johnxlaw@gmail.com, sjakubowski@rsplaw.com, docketing@rsplaw.com

Patrick S Layng, U.S. Trustee
S.ECF@usdoj.gov

John Ruskusky on behalf of Creditor Ungaretti & Harris LLP
kburde@uhlaw.com, rjanczak@uhlaw.com, jtruskusky@uhlaw.com,
sbmiller@uhlaw.com

Robert B Katz, Trustee
Elizabeth A. Bates on behalf of Robert B Katz, Trustee
David Brown on behalf of Robert B Katz, Trustee
ebates@springerbrown.com, dbrown@springerbrown.com

Elizabeth E. Richert on behalf of Creditor Baby Supermall, LLC
erichert@colemanlawfirm.com