UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF:           )
                            )
ROBERT J. MEIER,            )    CASE NO. 14 B 10105
                            )
         Debtor             )

## OPINION ON FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF UNGARETTI & HARRIS, LLP, SPECIAL COUNSEL TO THE DEBTOR, AND OBJECTIONS THERETO

Ungaretti & Harris LLP ("U&H"), special counsel for the debtor Robert J. Meier (the "Debtor"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 5082-1 of the Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and the *Order Granting Debtor's Application to Employ John T. Ruskusky of Ungaretti & Harris, LLP as Special Counsel and Related Relief* [Dkt. 120] (the "Employment Order"), has moved for entry of an order allowing and paying compensation and reimbursement of expenses to U&H on an interim basis (the "Interim Application"). Attorneys for creditor Shrock have filed objections.

The Motion shows in detail that between June 23, 2014, and November 30, 2014 (the "Application Period"), U&H provided 76 hours of legal services to the Debtor, with a value of $31,795 based on work notes billed at the hourly rates set forth in the Employment Order plus $2,654.60 in expenses incurred on behalf of the Debtor. Per the Employment Order, U&H was allowed to receive a retainer in the amount of $35,000 (the "Retainer"), and draw down upon the Retainer on a monthly basis, subject to the procedures in the Employment Order, in the amount of 80% of fees and 100% of expenses ("Interim Payments"). For this Application Period, U&H shows

- 2 -

that it served copies of its monthly invoices to the "Notice Parties" as required by the Employment Order and, receiving no objections, drew down upon its Retainer to pay 80% of the fees and 100% of the expenses stated in the invoices.

Accordingly, by this Interim Application, U&H seeks entry of an order: (a) allowing and awarding as reasonable compensation to U&H fees in the amount of $31,795 (the "Allowed Fees"), during the Application Period for assertedly actual and necessary legal services rendered to the Debtor; (b) allowing and awarding the reimbursement of U&H's out of pocket costs in the amount of $2,654.60 (the "Allowed Expenses") as reasonable, actual, and necessary expenses incurred in connection with the legal services rendered to the Debtor during the Application Period; (c) approving U&H's draws upon the Retainer during the Application Period to pay 80% of fees ($25,436.00) and 100% of expenses ($2,654.60) in accordance with the interim payment procedures approved by the Employment Order; and (d) authorizing U&H to draw down the remaining 20% holdback on fees ($6,359.00) from the Retainer as allowed by the Employment Order.

As explained below, U & H has met their burden by complying with Local Rule 5082-1. Since U & H has met their burden, it is up to Shrock to demonstrate that U & H's fees were excessive. Mostly, Shrock argues that U & H worked to delay entry of a state court judgment. Contrary to what Shrock argues, the record shows that the delay and expense were occasioned by Shrock's own litigation conduct, and the expenses were justified. Shrock also makes some particularized objections to certain time entries. A few of those objections have merit, and those objections will be sustained.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the matters raised in this Second Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On March 20, 2014, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. This followed years of litigation in the Circuit Court of Cook County. The bankruptcy was filed when it appeared that final judgment could soon be entered on claims pending therein against the Debtor Meier, so the bankruptcy stay was modified to allow the state court to finish its work on that case and litigate Shrock's claim against Meier.

## THE DEBTOR'S EMPLOYMENT OF U&H

4. On July 30, 2014, this Court entered an Order for Motion to Lift Stay Pursuant to 11 U.S.C. § 362(d) (the "Lift Stay Order"). [Dkt No. 113]

5. On July 31, 2014, the Debtor filed *Debtor's Application to Employ John T. Ruskusky of Ungaretti & Harris LLP as Special Counsel and Related Relief* [Dkt. 115] (the "Employment Application") seeking to employ U&H to provide legal services as special counsel in this case.

6. U&H represented the Debtor as his counsel in the litigation case captioned *Edward Shrock v. Robert J. Meier*, which was pending as Case No. 2009-L-1455 (the "Litigation Case") in the Circuit Court of Cook County, Illinois, County Department, Law Division (the "State Court").

7. Thus, in the Employment Application, the Debtor sought to employ U&H in regard to the Litigation Case and certain other matters that could arise in the State Court.

8. On August 5, 2014, this Court entered the Employment Order [Dkt. 120].

9. In accordance with the Employment Order, U&H circulated to the Notice Parties copies of its billing statements for June-August 2014 (**Exhibit A**), September 2014 (**Exhibit B**), October 2014 (**Exhibit C**) and November 2014 (**Exhibit D**) (collectively, the "Billing Statements"). The Billing Statements provided itemized and detailed descriptions of the specific legal services rendered and out of pocket expenses incurred by U&H. The Billing Statements are summarized in the following chart:

| Month | Fees | Expenses |
|---|---|---|
| June-August 2014 | $6,561.00 | $0 |
| September 2014 | $4,974.50 | $0 |
| October 2014 | $4,845.50 | $0 |
| November 2014 | $15,414.00 | $2,654.60 |

10. None of the Notice Parties sent U&H a Notice of Objection to the Billing Statements.

11. Accordingly, as authorized by the Employment Order, U&H drew down upon its Retainer for 80% of its fees ($25,436.00) and 100% of its expenses ($2,654.60) listed in the Billing Statements, which totaled $28,090.60.

## NARRATIVE SUMMARY
*(LOCAL RULE 5082-1(B))*

12. Local Rule 5082-1(B)(1)(a) – During the Application Period, U&H performed various legal services as special counsel for the Debtor in the Litigation Case and the State Court.

13. Local Rule 5082-1(B)(1)(b) – Narrative summaries of U&H's principal activities during the Application Period follow, including details of individual tasks performed within each activity (as recorded in the Billing Statements) are herein set forth as descriptive of the tasks performed by U&H. The Objections do not show that they are inaccurate descriptions.

(a) <u>Matters Relating to Lifting of the Automatic Stay</u>: Upon the entry of the Lift Stay Order, Shrock's counsel filed an emergency motion in the State Court seeking to

proceed immediately, despite the two-week stay imposed by Bankruptcy Rule 4001. Thus, U&H performed research and corresponded about Rule 4001 with Shrock's counsel, and appeared in State Court on three occasions (July 30, August 7, and August 18) with the assignment judge in the State Court before a transfer order was entered. Shrock's counsel also filed a Motion to Amend Order Lifting Stay, which required legal services for the benefit of the Debtor. [*See* Dkt. 112] In connection with these services, U&H expended approximately 6.0 hours and incurred $2,466.00 in fees providing these services. The services included under this category have been highlighted with light blue in the Billing Statements.

(b) <u>Assist Meier's Bankruptcy Counsel</u>: From time to time, Debtor's bankruptcy counsel requested documents or information from U&H about the Litigation Case in response to filings in this Bankruptcy Case. U&H expended approximately 4.3 hours and incurred $1,956.50 in fees providing these services. The services included under this category have been highlighted with light pink in the Billing Statements.

(c) <u>State Court Motions and Hearings Relating To Compensatory Damages</u>: U&H's legal services included the analysis of trial exhibits and transcripts, the analysis and supplementation of previous filings and research, communications with the Debtor or other knowledgeable individuals relating to strategy or supplemental information for the State Court proceedings, and preparation for and attendance at hearings on August 27, September 25 (in part), October 14, October 27 (in part), and November 17 (in part), as well as legal services performed in preparation for a hearing on December 2. U&H expended approximately 40.2 hours and incurred $16,124.00 in fees providing these services. The services included under this category have been highlighted with light green in the Billing Statements. All disbursements for court reporting transcripts and copying also relate to this category.

(d) <u>Other State Court Motions and Hearings</u>: During the Employment Period, Shrock's counsel has served or filed many motions in the State Court seeking relief separate from Shrock's compensatory damages' claim, including many noticed on less than one-day's notice, which has required various U&H counsel to prepare for and appear on behalf of Debtor including hearings on September 25 (in part), October 9, October 27 (in part), November 17 (in part), November 20, and November 24. Many of these motions also required factual investigation and/or legal research of the cases cited by Shrock and research to respond to Shrock's motions, including Shrock's request: (1) to disassociate Debtor from Baby Supermall LLC (the "Company") and additional relief, including the transfer of Debtor's membership interest in the Company to Shrock; (2) to compel Meier to make additional distributions from the Company to Shrock; (3) to designate Shrock as the manager of the Company and other relief against Meier and the assets of his bankruptcy estate; and (4) on two occasions for an injunction against the Company's bank and other relief against Meier and his bankruptcy estate. U&H expended approximately 25.5 hours and incurred $11,248.50 in fees providing these services.

14. <u>Local Rule 5082-1(B)(1)(c)</u> – In this Interim Application, U&H does not seek compensation for the preparation of this Application, but reserves the right to do so in a subsequent application.

15. <u>Local Rule 5082-1(B)(1)(d) and (e)</u> – A chart listing the name and position of each person with U&H who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work on each such separate task and activity during the Application Period, as well as the hourly rate for each person for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each, is attached to the Application as **Exhibit E**.

16. <u>Local Rule 5082-1(B)(1)(f)</u> – This is U&H's first application for compensation and reimbursement of expenses as the Debtor's special counsel, and no compensation has previously been sought and allowed by this Court. As stated above, the Employment Order established certain interim compensation procedures that allowed U&H to draw down upon its Retainer during the Application Period for 80% of its fees ($25,436.00) and 100% of its expenses ($2,654.60) listed in the Billing Statements, which totaled $28,090.60.

17. <u>Local Rule 5082-1(B)(1)(g)</u> – U&H seeks reimbursement of expenses totaling $2,654.60. A breakdown of each type of expense (copying and court reporter costs) is included in the Billing Statements. All of the expenses for which U&H seeks reimbursement were asserted to have been actually incurred by U&H, were necessary for the proper representation of the Debtor in this case, and were specifically allocated to the Debtor's case. None of the expenses represent general overhead, and none were objected to.

18. <u>Local Rule 5082-1(B)(2)</u> – U&H seeks both the allowance and payment of its requested fees and expenses with the payment of the remaining 20% holdback of U&H's fees

($6,359.00) to be completed by U&H drawing down on the Retainer Fees. However, the case is now in Chapter 7 and we must await conclusion of the case to find out what, if any, Chapter 7 administrative costs may be paid.

## DETAILED STATEMENT OF SERVICES
*(LOCAL RULE 5082-1(C))*

19. The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed.R.Bankr.P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed.R.Bankr.P. 2016(a)." Local R. 5082-1(C).

20. The Billing Statements attached as Exhibits A through D comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C) because all time entries within the Billing Statements list the date of the work, name of person performing the work, a brief description of the nature of the work, the time expended on the work in increments of tenth of an hour, and the fee charged for such work.

## BASIS FOR RELIEF

21. The rates charged by U&H are asserted to be less than or comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in comparable cases in the Northern District of Illinois, and the Objector has not contested that assertion.

22. Pursuant to sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of U&H's services appear compensable and the compensation requested appears facially to be fair and reasonable. All

of the legal services performed by U&H during the Application Period were asserted to have been required for the proper representation of the Debtor in this bankruptcy case. Therefore, the Objection filed thereto had the burden of showing what, if any part of services performed, should be disallowed.

## RESPONSE FILED BY SHROCK

The first objection is that Meier's attorney should not be asking to be paid for work after this case converted to Chapter 7 because such work benefits only Meier. However, in the Chapter 7 proceeding, Meier is defending against Shrock's non-dischargeability complaint as to matters directly involved in the state court litigation, and the work of counsel also does benefit the bankruptcy estate as shown below.

The second objection is that Meier is extending and delaying state proceedings that should have been swiftly completed, and that he is preventing entry of final judgment in the state court case. However, it is found below that Shrock is working to prevent entry of a final judgment calculated by the state judge in an amount far less than he seeks and has himself extended and delayed the state court litigation.

Third, he argues that U& H has a conflict of interest because of its claim against Meier for fee, but a legal conflict of counsel has not been shown and Shrock did not object here to employment when sought.

Fourth, part of the work for the Debtor's defense in state court was assertedly to assist Debtor's bankruptcy counsel and to limit Shrock's claim in the bankruptcy, but that work was an effort to reduce Shrock's claim against the estate and it benefits other creditors.

The objection also listed most work entries reported by the attorneys that are objected to for reasons stated.

The foregoing matters argued by the Respondent were responded to in detail by moving counsel.

It was first argued that there was no objection when the firm's attorneys were employed as Meier's special counsel (Docket No. 120) after which they defended many motions filed by Shrock in state court. Benefit achieved is claimed to have been a large reduction of Shrock's often argued $32 million damages claim to $1.47 million (as per preliminary ruling by state court judge). Also of benefit was the work blocking Shrock's attempt to obtain Meier's 87.5% ownership interest in the company Baby Supermall LLC, which is property of the bankruptcy estate not subject to state court authority.

Counsel successfully defended against the effort by Shrock's counsel to persuade the state court judge to approve the large jury verdict in that court as a judgment. That verdict has never been made part of any judgment.

The record presented shows that extensive delays were caused by the many motions filed by Shrock's counsel in the state court case. After a long state court hearing on December 12, the judge carefully calculated damages that Shrock may claim, considerably less than he claimed, less than $1.5 million rather than $32 million claimed. The estate thereby would benefit from a smaller judgment and the estate and its creditors other than Shrock would thereby benefit. Before the judgment could be entered at the lower amount, Shrock's counsel sought reconsideration and moved to disqualify the judge.

The objections to time reported for tasks performed, as excessive for time reported and as unnecessary, were each reviewed and - except for minor disallowance of a few hours of work - found without merit.

From the Reply by moving counsel, it appears that significant benefits went to the estate though laying the foundation for a much smaller claim by Shrock against the estate, all overShrock's objection and his flood of motions presented to the state court judge. The attorneys were required to meet each of Shrock's motions and arguments.

The complaint by Shrock's counsel that their lawyers should not have consulted with Meier and his attorneys is frivolous. Such conferences were obviously both necessary and valuable.

The size of the fees now requested was in large part caused by Shrock filing many motions, some on very short notice requiring extraordinary effort to oppose. Shrock has delayed resolution of his claim for damages that this Court had enabled by modifying the stay to allow the state court judge to finish his work after years of litigation.

In light of the foregoing, the objections to a large number of time entries for work supplied by the attorneys is viewed are conclusory and the objections contradicted by the record presented.

Nonetheless, all specific objections to time entries have each been separately reviewed by the court and the following are reduced:

    A.    Several entries are objected to as being of "excessive" length - The Court has
          personally reviewed each. The following are sustained:
          8/12 - stay motion; 1 hr excessive and disallowed
          9/23 - research; need for research not explained; 1.5 hr disallowed
          9/24 - research; no purpose explained; 1.5 hr disallowed
          9/29 - research; .3 hr disallowed
          Total of 4.3 hours disallowed
(The Reply did not respond to those objections)

Other objections to time entries are denied because the reasons given by the objections have no merit in light of the explanations for work in the Application and earlier discussions herein.

The undersigned Judge has personally reviewed each objection and the time entry related to each in the fee applications. These entries are found to explain and justify all other entries objected to. Shrock seeks by his many objections to deny compensation to counsel who provided necessary

and reasonable service to combat Shrock's efforts before the state court to prevent entry of a reduced final judgment calculated by the judge there and also in attempt to cause possible property of the bankruptcy estate to be transferred to another entity. All those objections were for necessary work and reasonable time for each work entry. Those objections therefore are overruled.

## **CONCLUSION**

WHEREFORE, fees will be allowed in the amount sought less hours disallowed in the foregoing discussion (4.3 hours at applicable rate(s)) plus $2,654 in allowed expenses.

Moving counsel will file proposed Order in accord with the foregoing and present it to the Court on status date set April 17th, 2015, at 10:45 a.m. in courtroom 682.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 13th day of April 2015.