United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Robert J. Meier,<br><br>　　　　　　　Debtor. | Bankruptcy No. 14-bk-10105<br><br>Chapter 7 (Converted from Chapter 11) |

## MEMORANDUM OPINION ON SHROCK'S MOTION TO BAR AND STRIKE

When Robert Meier ("Meier") filed this bankruptcy case (initially in Chapter 11), he was the CEO, LLC manager, and owner of a seven-eighths interest in Baby Supermall, LLC (the "Company"). Edward Shrock ("Shrock") was a founder of the Company, and owner of a one-eighth interest. The Company sells infant bedding, clothing and other accessories online. The parties have been embroiled in state court litigation in the Circuit Court of Cook County, in a case styled *Shrock v. Meier*, 09 L 1455 (the "State Court Case"). Shrock filed a proof of claim in this bankruptcy case for $28 million based on matters related to that state court lawsuit (Proof of Claim No. 4-4), to which Meier has objected. He also filed an Adversary Proceeding to bar dischargeability of his claim. (14-ap-403.)

Shrock has now moved herein to bar Meier and his attorneys from taking any actions here or in state court relating to the pending state court litigation in *Shrock v. Meier*, 09 L 1455. He also moved to strike Meier's motion to reinstate the stay (Dkt. 353.)

### JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer a proceeding to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). The motion seeks an order related to case administration. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

## DISCUSSION

Shrock seeks to bar Meier and any of his counsel from taking any action related to Shrock's claim against Meier arising out of the State Court Case.[1] In broadest interpretation of the bar he seeks to impose, Meier would be unable to defend in the dischargeability adversary, *Shrock v. Meier*, 14-ap-403. That would deprive Meier of his right to due process. U.S. Const. amend. V. Meier certainly will not be barred from defending the adversary proceedings brought against him. But in order to do so, he must be able to defend the state court case seeking to impose liability on him.

### Meier's Standing Here

Shrock argues generally that, Chapter 7 debtors do not have standing to object to proofs of claim. A debtor does not have standing to object to a proof of claim unless there is a reasonable possibility of a surplus. A Seventh Circuit panel ruled under the Bankruptcy Act of 1898, that a bankrupt generally did not have standing because the Bankruptcy Act only provided the right to object to "parties in interest." However the bankrupt would have standing where there was the possibility of a case surplus. *In re Woodmar Realty Co.*, 241 F.2d 768, 771 (7th Cir. 1957). Although there is no recent Seventh Circuit case on point, other courts have held under the Bankruptcy Code as well that a debtor has no standing to object to a proof of claim unless there is the possibility of a surplus. "It is well-established that a Chapter 7 debtor is a 'party in interest' and has standing to object to a sale of the assets, or otherwise participate in litigation surrounding the assets of the estate, only if there could be a surplus after all creditors'

---

[1] Under Rule 7001(7), F.R. Bankr. P., Shrock would be required to file an adversary proceeding because seeks a form of injunction. However, Meier did not raise an objection to proceeding by motion under Rule 9014, F.R. Bankr. P., and filed his response on the merits. Therefore, the requirement of an adversary proceeding has been waived. *See In re Trico Marine Services, Inc.*, 450 B.R. 474, 476 fn.2 (Bankr. D. Del. 2011) (overruling a Rule 7001 objection because the objecting party had a full and fair opportunity to be heard).

2

claims are paid." *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (citing Collier on Bankruptcy § 721.02[2] (15th ed. rev. 1996).

Meier argues that he has standing because there is the possibility of a surplus estate. The estate's biggest asset is the Meier's seven-eighths interest in Baby Supermall LLC, which has been asserted to be worth millions. Other claims pending against Meier total $700,000, although that does not include administrative expenses, such as for the trustee, the Chapter 11 proceeding, and support payments to Martha Meier assertedly due during the pendency of this case. Meier argues that Shrock previously valued the company at $13.3 million. Now Shrock argues that Meier has made the company worthless through the state court litigation and pendency of the bankruptcy case. Of course, that assertion requires evidence. But it is at least possible that if Meier prevails on his claim objection, a surplus would result.

Further, Meier is in part defending against the effort to liquidate the claim against him asserted to be nondischargable. As such, due process requires that he be recognized to have the right to do so. The general proposition that debtors do not have standing to object to claims against the estate do not apply when such claims are against the debtor. For example, in *In re Adams*, 424 B.R. 434 (Bankr. N.D. Ill. 2010), held that any claim that the debtor's post-bankruptcy liability to creditors may be affected because of nondischargeability is "at best indirect." *Id.* at 437. That effect was held to be indirect because a sale of estate assets at a higher price would have resulted in less nondischarged debt. *Id.* Here, Shrock's claim seeks to collect on the very debt that Shrock asserts to be nondischargeable. Accordingly, the effect on Meier's pecuniary interest is direct.

Accordingly, Meier has standing to object to Shrock's proof of claim.

### Meier's Standing in State Court

Shrock argues that Meier does not have standing to be allowed to participate in the state court lawsuit because "the trustee, not the debtor or the debtor's principal, has

3

the capacity to represent the estate and to sue and be sued." *In re Gulph Woods*, 116 B.R. 423, 428 (Bankr. E.D. Pa. 1990). That is true with respect to the estate, and actions on behalf of the estate. However, the pertinent state court case involves more than just a claim against the estate. It could also affect what Meier will owe even after the bankruptcy because Shrock is also seeking nondischargeability of any judgment against Meier in state court. Nothing in *Gulph Woods* suggests that the trustee succeeds to a debtor's post-discharge liabilities. By definition, post-discharge liabilities do not concern the estate, and so the trustee would have no pecuniary interest in any post-discharge liabilities Meier may have.

Should Meier's defense in state court appear at any time to impair rights of the bankruptcy estate, the proper remedy would be to join the trustee in that lawsuit. *In re James*, 120 B.R. 802, 807 (E.D. Pa. 1990) (overturned on other grounds).

### ON STRIKING MEIER'S MOTION TO REINSTATE STAY

Shrock also requests that Meier's motion to reimpose the automatic stay (Dkt. 353.) be stricken. However, Meier's motion has already been denied. (Dkt. 447.) Therefore, that part of Shrock's motion will be denied as moot.

### CONCLUSION

For the foregoing reasons, Shrock's Amended Motion to Bar and Strike will be denied by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 13th day of April, 2015