United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Robert J. Meier,<br><br>　　　　　　Debtor. | Bankruptcy No. 14-bk-10105<br><br>Chapter 7 (Converted from Chapter 11) |

## MEMORANDUM OPINION ON SHROCK'S MOTION FOR ADMINISTRATIVE EXPENSE

When Meier converted his bankruptcy case from Chapter 11 to Chapter 7, he reported that the debtor in possession ("DIP") account contained $98,000 (in round numbers) in post-petition income, which he claimed as not property of the estate. Shrock moved for a turnover (with supporting brief), and the Trustee joined in that motion and filed the only reply brief at the end of briefing. The Trustee moved to settle with Meier for half the amount, Shrock objected. The objection to settlement was sustained, and the motion for turnover was granted. The opinion sets forth a brief history of the case, which will not be repeated here. That order for turnover is currently on appeal. (Dkt. 558.) Here, Shrock has moved for an administrative expense for his work in recovering the money for the estate.

For reasons stated below, Shrock's motion for administrative expense will be denied.

### DISCUSSION

#### JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B). It seeks to determine whether a creditor is entitled to an administrative expense. Therefore, it "stems from the

bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### SECTION 503(b)(3)(B) AND (4) CONTROL, AND NO ADMINISTRATIVE EXPENSE ARISES

Section 503 of the Bankruptcy Code, Title 11, U.S.C., provides that an administrative expense includes (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection …" Paragraph (3) provides "the actual, necessary expenses … incurred by (B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor." Here, only subparagraph (B) could possibly apply. Under subparagraph (B), Shrock's attorney cannot be paid because he did not seek and does not contend that he did seek the court's approval before bringing his motion. Also, the Trustee asserts that Shrock brought the motion before consulting with him. Nor was the property transferred or concealed because it was reported by the Debtor. Thus, there is no administrative expense under § 503(b)(4).

Shrock argues that § 503(b)(3)(B) does not control because § 503(b) provides that administrative expenses are claims "including" those listed under § 503(b)(3)(B). "In these circumstances the law is settled that however inclusive may be the general language of a statute, it will not be held to apply to a matter specifically dealt with in another part of the same enactment.

Specific terms prevail over the general in the same or another statute which otherwise might be controlling." *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 228-29 (1957) (internal quotations omitted). Section 503(b), in paragraphs (3) and (4) are very specific about how an entity such as a creditor might be paid. Paragraph (3) provides that the entity's "actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection" are administrative

2

expenses. Paragraph (4) provides for "reasonable compensation for professional services rendered by an attorney or accountant of" an entity specified in paragraph (3).

If the general term "including" controlled allowing creditors' attorney's fees outside the intricate statutory scheme, those limitations would be rendered meaningless. Therefore, when creditor's attorney seek fees for benefit they assertedly bring to the estate, their expenses are administrative expenses only when they meet the requirements of § 503(b)(3) & (4).

A recent bankruptcy court opinion in this district supports this reasoning. *In re Beale*, 358 B.R. 744, 747 (Bankr. N.D. Ill. 2006) (Black, J.) (collecting cases in the footnotes). *Beale* held that the plain meaning of § 503(b)(3)(B) requires prior court approval. "Since the general language of section 503(b) is limited by subsection (3)(B), the restricting language of the subsection must prevail." *Id.* at 748.

None of Shrock's cases are convincing. *In re Integrity Supply Inc.* involved USLS, a non-creditor in the business of finding unclaimed funds and pursuing them for a contingent fee, who tipped off the trustee to $92,000 in unclaimed funds. 417 B.R. 514, 516 (Banrk. S.D. Ohio 2009). The court considered whether USLS was entitled to an administrative expense as an "nonlisted administrative expense" after concluding that listed administrative expenses did not apply. *Id.* at 521-22. Since USLS was not a creditor, it was not an entity specified in § 503(b)(3). The court allowed the administrative expense in part because the trustee had already fully administered the case and filed a no asset report six years prior. *Id.* at 522. Moreover, the opinion took pains to limit the holding to its own facts, saying, "Nothing in this opinion should be construed to encourage asset locating companies, such as USLS, to interfere in the normal administration of a chapter 7 bankruptcy proceeding and rush to discover unclaimed funds in the hopes of receiving compensation from the bankruptcy estate without first obtaining the cooperation and agreement of the trustee to do so." *Id.* at n.6.

3

*In re Cellular 101, Inc.* is not on point because the statute involved was § 503(b)(3)(D), which only applies in Chapter 9 or Chapter 11. 377 F.3d 1092, 1096 (9th Cir. 2004). Here, Shrock seeks fees for actions he undertook after conversion to Chapter 7. *Skelton v. General Motors Corporation* is not on point because it dealt with a common pool in the context of a settlement class action. 860 F.2d 250, 254 (7th Cir. 1988).

To the extent that *In re Zedda*, 169 B.R. 605 (Bankr. E.D. La. 1994), *In re Maghazeh*, 315 B.R. 650 (Bankr. E.D.N.Y. 2004), and *In re Pappas*, 277 B.R. 171 (Bankr. E.D.N.Y. 2002) hold that the requirements of § 503(b)(3) and (4) can be ignored, they are wrongly decided, as explained above.

## CONCLUSION

For reasons of law set forth above, Shrock is not entitled to recover. Moreover, his motion was not necessary. The Trustee was fully competent to seek recovery of the fund in issue. Shrock jumped the gun as the new trustee was getting organized and cannot claim to have actually benefitted the estate.[1]

Shrock's attorney is not entitled to any administrative expense. Accordingly, his motion will be denied by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of June, 2015

---

[1] If substantive grounds did not otherwise support denial, as they do, the motion to share in assets that are contingent on the outcome of appeal would be denied as premature.

4

## Certificate of Service

I, James Liu, certify that on June 12, 2015, I caused to be served copies of the foregoing document to the following on the attached service list by electronic service through the Court's CM/ECF system or regular U.S. mail:

*[signature]*
Law Clerk

## Electronic Service through CM/ECF System

Paul M Bauch on behalf of Debtor Robert J. Meier
Carolina Y Sales on behalf of Debtor Robert J. Meier
Kenneth A. Michaels, Jr on behalf of Debtor Robert J. Meier
pbauch@bauch-michaels.com, csales@bauch-michaels.com,
kmichaels@bauch-michaels.com, smohan@bauch-michaels.com

John F Hiltz on behalf of Creditor Martha Meier
Blair Zanzig on behalf of Creditor Martha Meier
jhiltz@hwzlaw.com, bzanzig@hwzlaw.com, kwantuch@hwzlaw.com

John Xydakis on behalf of Creditor Edward Shrock
Steve Jakubowski on behalf of Creditor Edward Shrock
johnxlaw@gmail.com, sjakubowski@rsplaw.com, docketing@rsplaw.com

Patrick S Layng, U.S. Trustee
S.ECF@usdoj.gov

John Ruskusky on behalf of Creditor Ungaretti & Harris LLP
kburde@uhlaw.com, rjanczak@uhlaw.com, jtruskusky@uhlaw.com,
sbmiller@uhlaw.com

Robert B Katz, Trustee
Elizabeth A. Bates on behalf of Robert B Katz, Trustee
David Brown on behalf of Robert B Katz, Trustee
ebates@springerbrown.com, dbrown@springerbrown.com

Elizabeth E. Richert on behalf of Creditor Baby Supermall, LLC
erichert@colemanlawfirm.com

United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Robert J. Meier,<br><br>      Debtor. | Bankruptcy No. 14-bk-10105<br><br>Chapter 7 (Converted from Chapter 11) |

## ORDER DENYING MOTION FOR ADMINISTRATIVE EXPENSE

For reasons stated in the Memorandum Opinion on Motion on Shrock's Motion for Administrative Expense, Shrock's motion (Dkt. 541) is **denied**.

Dated this ___ day of June, 2015

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge