United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Robert J. Meier,<br><br>Debtor. | Bankruptcy No. 14-bk-10105<br><br>Chapter 7 (Converted from Chapter 11) |

# MEMORANDUM OPINION ON SHROCK'S OBJECTION TO MARTHA MEIER'S PRIORITY CLAIM

While Robert Meier's ("Robert") bankruptcy case was in Chapter 11, he did not make any payments to Martha Maggiore (formerly Martha Meier, herein, "Martha") for support as required by his divorce. After the conversion to Chapter 7, Martha amended her proof of claim to add a priority unsecured claim for those missed payments. Another creditor, Edward Shrock ("Shrock") objected. A previous opinion, following a trial, explained the terms of the divorce and the Marriage Settlement Agreement, ("MSA"), and that explanation will not be repeated here. (Dkt. 304.) As explained below, Shrock's objection will be overruled, and Martha's priority claim will be allowed.

## DISCUSSION

### JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B). It seeks to determine whether a creditor is entitled to a priority claim. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### POST-PETITION, PRE-CONVERSION DOMESTIC SUPPORT CLAIMS GET PRIORITY

Section 507(a)(1)(A) of the Bankruptcy Code, Title 11, U.S.C., provides that "allowed unsecured claims for domestic support obligations that as of the date of the filing of the petition ... owed to or recoverable by a spouse, former spouse" are allowed priority claims. Section 348(d) provides that "A claim against the estate or the debtor that arises after the order for relief but before conversion ... (except for administrative expenses) shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition."

Martha's claim is for support that arose after the order for relief but before the conversion to Chapter 7. Robert was current on support until he filed the petition. (Dkt. 304 at *2.) After that filing, he did not make any payment while the case was under Chapter 11. Those missed payments are the basis of Martha's present priority claim. As explained in the earlier opinion, prepetition domestic support obligations are given priority status. *See In re Young*, 497 B.R. 904, 917-18 (W.D. Ark. 2013). The command of § 348(d) is clear. Those missed payments "shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." *Id*. Since the claim for the missed support payments must be treated as if it arose immediately before the date of the filing of the petition. Therefore, they are given priority status.

Shrock argues that "order for relief" and "date of the petition" are not synonymous, and that conversion does not change the date of filing the petition. Both points are true enough, but the argument is a nonsequitur. It does not matter that the date of the filing of the petition does not change due to conversion. The order for relief was triggered by the filing of the petition. § 301(b). Between that time when the order for relief entered, and when the case was converted to Chapter 7, Meier did not make payments, triggering § 348(d).

2

## MARTHA'S CLAIM IS FOR DOMESTIC SUPPORT, NOT PROPERTY DIVISION

Shrock also argues that Martha's claim should be characterized as property division, not support. Martha argues that Shrock should be judicially estopped. Judicial estoppel, a doctrine sometimes referred to by the Scottish wresting term "mending the hold," applies when:

(1)  the later position is clearly inconsistent with the earlier position;

(2)  the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled; and

(3)  the party seeking to assert an inconsistent position would derive an unfair advantage if not estopped.

*New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).

All three requirements are met here. Shrock's new position that the $33,333 per month stream of payments is for property division directly contradicts his earlier position that it was for support. Shrock prevailed at trial on his earlier position. (Dkt. 304.) Finally, he would derive an unfair advantage if he were allowed to change the position now. When it was to his advantage to disallow Martha's claim as support, he argued that the payments were for support. Now that it is to his advantage to challenge Martha's priority, he argues the opposite. He is trying to play a game of "heads I win, tails you lose."

Shrock argues that he is allowed to plead in the alternative. Indeed, Rule 8(d)(3) allows a party to "state as many claims or defenses it has, regardless of consistency." F.R. Civ. P., as made applicable by Rule 7008 F.R. Bankr. P. But just because he is allowed to plead in the alternative does not mean that he is entitled to prevail on all the grounds he pleads.

3

Therefore, judicial estoppel is appropriate, and Shrock's argument that Martha's claims should be characterized as property division is rejected.

## CONCLUSION

Martha is entitled to a priority under § 507(a)(1)(A). Accordingly, Shrock's objection will be overruled, by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 26th day of June, 2015