United States Bankruptcy Court
Northern District of Illinois
Eastern Division

|  |  |
|---|---|
| In re:<br><br>Robert J. Meier,<br><br>Debtor. | Bankruptcy No. 14-bk-10105<br><br>Chapter 7 (Converted from Chapter 11) |

## MEMORANDUM OPINION ON ALL FINAL OBJECTIONS TO MARTHA MAGGIORE'S PRIORITY PROOF OF CLAIM

Robert Meier's ("Robert") bankruptcy case was filed on March 20, 2014 as a Chapter 11. It was converted to Chapter 7 on December 12, 2014. While the case was in Chapter 11, Robert did not make any payments to Martha Maggiore (formerly Martha Meier, herein, "Martha") for support as required by his divorce. A previous opinion, following a trial, explained the terms of the divorce and the Marriage Settlement Agreement, ("MSA"), and that explanation will not be repeated here. (Dkt. 304, hereafter the "first opinion".) After the conversion to Chapter 7, Martha amended her proof of claim to add a priority unsecured claim for missed payments due under the MSA. Another creditor, Edward Shrock ("Shrock") objected. That objection was overruled and Martha's claim for $300,000 as a priority claim under 11 U.S.C. § 507(a)(1)(A) was allowed. (Dkt. 649, hereinafter the "second opinion".)

Then Shrock moved to vacate the order overruling his objection. Robert's bankruptcy counsel Bauch & Michaels, LLC and special counsel Nixon Peabody, LLP, (collectively "Chapter 11 Counsel") who are also creditors in the case filed a motion to reconsider the second opinion and resulting order. A scheduling order was issued requiring any other objections to be filed by July 31, 2015, and setting a briefing schedule. Chapter 11 Counsel then filed an objection, which was a verbatim copy of its motion for reconsideration. No other parties have filed objection to Martha's claim, and all scheduled responses and replies have been filed.

For reasons set forth below, the objections and motions attacking the second opinion are denied and overruled, and Martha's claim is again allowed.

# DISCUSSION

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B). It seeks to determine whether a creditor is entitled to a priority claim. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall,* 131 S.Ct. 2594, 2618 (2011).

## RECONSIDERATION

Section 502(j) of the Bankruptcy Code provides that "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). Rule 3008, F.R. Bankr. P., provides "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." No deadline for reconsideration appears in either the statute or the rule. Nor is the term "cause" defined. Martha argues that reconsideration should be under standards analogous to Rule 60, F.R. Civ. P.,[1] because Chapter 11 Counsel had the opportunity to object to the

---

[1] That is,
1. mistake, inadvertence, surprise or excusable neglect;
2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4. the judgment is void;
5. the judgment has been satisfied, released or discharged; it is based on an early judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6. any other reason that justifies relief.

proof of claim earlier when Shrock objected but stayed on the sidelines. Chapter 11

Counsel maintain that their objection is timely because there was no deadline to file

their objection to Martha's amended claim. Chapter 11 Counsel are correct. There was

and is no deadline to object, and in recognition of that fact, the scheduling order was

entered requiring that any and all possible issues and objections be asserted. (Dkts. 671,

673, 675.) Accordingly, Chapter 11 Counsel's objection will be considered on the merits

without consideration of the standards under Rule 60.

### POST-PETITION, PRE-CONVERSION MARITAL SUPPORT IS ENTITLED TO PRIORITY

Chapter 11 Counsel argue that Martha is not entitled to priority for the portion of

her claim for marital support which matured during the pendency of the chapter 11

case. However, as explained in the second opinion:

> Section 507(a)(1)(A) of the Bankruptcy Code, Title 11, U.S.C.,
> provides that "allowed unsecured claims for domestic support
> obligations that as of the date of the filing of the petition … owed to
> or recoverable by a spouse, former spouse" are allowed priority
> claims. Section 348(d) provides that "A claim against the estate or
> the debtor that arises after the order for relief but before conversion
> … (except for administrative expenses) shall be treated for all
> purposes as if such claim had arisen immediately before the date of
> the filing of the petition."

> Martha's claim is for support that arose after the order for relief but
> before the conversion to Chapter 7. Robert was current on support
> until he filed the petition. (Dkt. 304 at *2.) After that filing, he did
> not make any payment while the case was under Chapter 11. Those
> missed payments are the basis of Martha's present priority claim.
> As explained in the earlier opinion, prepetition domestic support
> obligations are given priority status. *See In re Young*, 497 B.R. 904,
> 917-18 (W.D. Ark. 2013). The command of § 348(d) is clear. Those
> missed payments "shall be treated for all purposes as if such claim
> had arisen immediately before the date of the filing of the petition."
> *Id*. Since the claim for the missed support payments must be treated

---

Rule 60, F.R. Civ. P., *see In re Xpedior Inc.*, 354 B.R. 210, 227 (Bankr. N.D. Ill 2006) (applying Rule 60 standards to reconsideration under Bankruptcy Rule 3008).

as if it arose immediately before the date of the filing of the
petition. Therefore, they are given priority status.

Dkt. 649 at 2.

Meier argues that the conclusion that Martha is entitled to priority conflicts with
the conclusion of the first opinion, where the court ruled that Martha's unmatured
domestic support obligations were disallowed under § 502(b)(5), but were held
nondischargeable under § 523(a)(5). (Dkt. 304 at 3.) But nothing in the first opinion
conflicts with the second opinion because the second opinion concerns support
payments which matured post-petition, but pre-conversion. That category of support
payments was not at issue in the first opinion, so it was not considered then.

Chapter 11 Counsel also argues that Martha's claim for post-petition, pre-
conversion marital support is not a claim at all because under the "conduct theory" of
when a claim arises, all of Martha's claim rose pre-petition. The conduct theory follows
from the definition of "debt" as a "liability on a claim" (§ 101(12)) and the definition of
"claim" as a "right to payment whether or not such right is reduced to judgment,
liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed,
legal, equitable, secured or unsecured." § 101(5)(A). Under the conduct theory, "the
date of a claim is determined by the date of the conduct giving rise to the claim." *St.
Catherine Hospital v. Indiana Family and Social Services*, 14-2420 (7th Cir. Aug. 28, 2015) at
*6 (collecting cases).

However, the conduct theory is not without exceptions. For example, in the
product liability context, some courts modify the conduct theory with the requirement
of a prepetition relationship. *Epstein v. Official Committee of Unsecured Creditors of Estate
of Piper Aircraft Corp.*, 58 F.3d 1573, 1577 (11th Cir. 1995). Chapter 11 Counsel argues that
condominium association dues are also prepetition debts under the conduct theory. *In
re Barr*, 457 B.R. 733, 736 (Bankr. N.D. Ill. 2011) (citing *In re Rosteck*, 899 F.2d 694, 697 (7th
Cir. 1990). However, the conclusion that condominium assessments are prepetition

4

claims because they are based on a prepetition contract was disputed by other courts. *E.g. In re Rosenfeld*, 23 F.3d 833, 836 (4th Cir. 1994) (disagreeing with *In re Rosteck*). It also resulted in the passage of § 523(a)(16), which makes post-petition condominium fees nondischargeable.

At any event, Chapter 11 Counsel's contention that the support payments arose as of the date of the Marital Settlement Agreement is misplaced. The conduct relevant here is not the signing of the Marital Settlement Agreement, but Martha's continued need for support as recognized by the divorce decree. The payments due arose from the Judgment for Dissolution of Marriage. (Dkt. 179 Exh. A.) The Judgment provided that "The Marital Settlement Agreement between ROBERT and MARTHA dated January 15, 2010 is hereby approved and shall hereupon take effect. Said Marital Settlement Agreement … shall be incorporated herein by reference and be subject to enforcement by either party as if incorporated in *haec verba…*" (*Id.* at ¶ B.) That is, just as with any agreed judgment, Robert is under a court order to pay, not merely a contract. Under Illinois state law,

> Any new or existing maintenance order including any unallocated maintenance and child support order entered by the court under this Section shall be deemed to be a series of judgments against the person obligated to pay support thereunder. Each such judgment to be in the amount of each payment or installment of support and each such judgment to be deemed entered as of the date the corresponding payment or installment becomes due under the terms of the support order…

750 Ill. Comp. Stat. Ann. 5/504(b-7).

That is, there is a new judgment each time an installment for support comes due. Meier's conduct in entering into the Marital Settlement Agreement set in motion the "series of judgments," with each judgment arising when each installment of the Marital Settlement Agreement comes due.

Chapter 11 Counsel also argues that under the plain language of Bankruptcy Code § 502(b)(5), unmatured domestic support obligations are disallowed. But that argument ignores Code § 348(d), which provides that post-petition, pre-conversion claims are treated as prior to the bankruptcy petition date for "all purposes." All purposes includes a determination of maturity. Thus, since the claims for post-petition, pre-conversion support are fully mature judgments, they are treated as if they were fully mature judgments that arose immediately before the date the bankruptcy petition was filed.

Therefore, Martha is entitled to a priority for her claim for post-petition, pre-conversion marital support.

Since Chapter 11 Counsel's objection was considered on the merits, it is not necessary to consider their motion to reconsider. The motion to reconsider and the objection presented identical arguments, but are in different procedural postures. The objection is in a more favorable procedural posture for Chapter 11 Counsel. They have had their objection to Martha's priority claim ruled on without having to run the gauntlet of the Rule 60 standard for reconsideration. Therefore, the motion to reconsider will also be denied.

### SHROCK'S MOTION TO VACATE

Shrock's motion to vacate will be treated as a motion to reconsider. However, reconsideration under any standard will not help him. In his motion to vacate, he only disputes the application of judicial estoppel (discussed in the second opinion) to his argument, not the merits of Martha's priority claim. But he does not show that the second opinion was wrong on the judicial estoppel issue. Even if he were to prevail on reconsideration of the judicial estoppel issue, he has still lost on the merits. For his reply, Shrock adopts Chapter 11 Counsel's reply brief. But the arguments in Chapter 11 Counsel's brief are unrelated to the issue of judicial estoppel, so those are new arguments raised for the first time on reply, and are therefore waived. "[I]t is well-

established that arguments raised for the first time in the reply brief are waived."
*Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011.) Even if they were not
waived, the arguments in Chapter 11 Counsel's reply brief have been rejected by the
earlier discussion. Accordingly, there is no reason to grant his motion for
reconsideration, under any standard.

## CONCLUSION

Martha is entitled to a priority claim under 11 U.S.C. § 507(a)(1)(A). Pursuant to
the second opinion and the foregoing discussion, Chapter 11 Counsel's objection will be
overruled, their motion to reconsider denied, and Shrock's motion to vacate denied, by
separate orders.

"According to the 1983 Advisory Committee Note to the Federal Rules of
Bankruptcy Procedure 3008, it is within the discretion of the court to reconsider a claim
that has been allowed or disallowed." Collier on Bankruptcy 4-502[4] (16th Edition, 2015)
However, "[t]he court may abstain from reconsideration an order of allowance or
disallowance without notice to any adverse party and without affording a hearing to
the party seeking reconsideration." *Id*. Since all parties in interest were invited to file
any theory opposing Martha's claim, all have had full opportunity. Therefore, the court
will deny summarily any further motions for reconsideration of the allowance of
Martha's priority claim.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 15th day of September, 2015