United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br>Robert J. Meier,<br><br>　　　　　　　　　　Debtor. | Bankruptcy No. 14-bk-10105<br><br>Chapter 7 |

**MEMORANDUM OF DECISION ON MOTION TO ANNUL OR MODIFY AUTOMATIC STAY AND AMENDED MOTION [DKT. NOS. 895, 917]**

Edward Shrock ("Shrock") and Baby Super Mall ("BSM") move to annul or modify the automatic stay to allow them to proceed with an action in State court seeking imposition of a constructive trust on the Debtor's home, which he owns with his wife (Silvia Suby) as tenants by the entireties (the "Residence"), or allowing them to resume that action in the bankruptcy case. Movants subsequently amended their motion to request that the discharge order be amended to clarify that the discharge does not apply to the State court constructive action.

Shrock and BSM had previously filed an adversary proceeding to impose a constructive trust in the Debtor's residence (14ap00657), but on June 12, 2015, that action was dismissed for lack of subject matter jurisdiction. It was concluded that disposition of such action would have no bearing on the assets available to the bankruptcy estate. Debtor's home was held in tenancy by the entireties and all parties agreed that it was not property of the estate.

Shrock and BSM then filed their constructive trust action in the Circuit Court of Cook County, Illinois (16-L-5760). Debtor and his wife, defendants in that action, are said by movants to have argued in that court that the State court should dismiss the proceeding because it was filed in violation of the automatic stay.

**Motion to Annul or Modify the Automatic Stay**

Movants argue that Debtor's assertion that the State court action was filed in violation of the stay is incorrect because the Residence was not part of the bankruptcy estate. They argue that the stay only applies to an action "to obtain possession of

property of the estate or property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). However, movants assert that if the stay were to apply, their State court action could be deemed void.

Accordingly, movants seek an order annulling the automatic stay "retroactive to June 12, 2015 or, alternatively, June 10, 2016," (2) modifying the automatic stay to allow them to proceed (they will dismiss the current action and refile it), or (3) granting leave for Shrock and BSM to reinstate their adversary proceeding in this court.

As to the third alternative relief sought (leave to reinstate their adversary proceeding seeking to impose a constructive trust on Debtor's home), a determination has already been made that subject matter jurisdiction was lacking, and movants have not argued any reason why such conclusion should be revisited at this stage of the bankruptcy case. Movants have not argued that property of the estate is involved, or any other basis for jurisdiction over such action. *See* 28 U.S.C. § 1334(b); *Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987). Since the Chapter 7 trustee in this case asserts no right to the Residence as property of the estate, and since movants have not argued that the Residence was part of the estate, there is no basis for allowing movants to reinstate their adversary proceeding in the bankruptcy case.

If there was any stay violation, as the Debtor is alleged to have argued in State court, it would not be because the Residence itself was property of the estate, as movants imply, *see* 11 U.S.C. § 362(a)(3), but because the automatic stay generally prohibits "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." *See* 11 U.S.C. § 362(a)(1).

But movants' request for an order annulling the automatic stay retroactively to June 12, 2015 will nonetheless be denied, because the automatic stay of acts against the

2

debtor had terminated by operation of law on June 8, 2015 when the Debtor's Chapter 7 discharge was granted. *See* 11 U.S.C. § 362(c)(2)(C).

Movants alternative relief—modifying the stay to allow them to dismiss and refile their action to impose a constructive trust—will be denied for the same reason: the stay of acts against the Debtor terminated on June 8, 2015 upon entry of the discharge order. *See* 11 U.S.C. § 362(c)(2)(C). Movants have not argued or otherwise shown that the Residence was property of the estate, or that property of the estate was otherwise involved. *See* 11 U.S.C. § 362(c)(1) (unless otherwise provided, "the stay of an act against property of the estate . . . continues until such property is no longer property of the estate"). No basis for modifying or annulling the stay has therefore been asserted.

**Motion to Amend the Discharge Order**

Movants have also argued that the discharge order should be amended to clarify that the discharge order does not prevent movants from pursuing their constructive trust action in State court. (*See* Dkt. No. 917.) Movants' arguments in this respect concern the reasons why they chose voluntarily to dismiss BSM's adversary proceeding then pending against the Debtor to except debts owed by the Debtor to BSM from discharge, *see Baby SuperMall LLC v. Meier*, 15ap00198. Those arguments have been discussed and rejected by Opinion and Order entered in that case, *see* Dkt. Nos. 226, 227. BSM's claims, which Shrock now argues as assignee of BSM's claims, have been discharged and were not excepted from the discharge order entered in this case.

The supplements to the Motion to Annul or Modify the Automatic Stay clarified that the three count complaint filed by Shrock and BSM in State court against Meier and his wife, which seek imposition of a constructive trust in the Residence, are premised on Meier's prepetition conduct concerning one or more transfers by BSM to Meier. These claims are distinct from the claims that were held by Shrock, individually. The latter claims were fully litigated pre-bankruptcy in State court, and the debt determined there to be due to Shrock by Meier was determined nondischargeable in a separate adversary

3

proceeding in this case, *see Shrock v. Meier*, 14ap00403. Unlike those claims, BSM's claims were discharged when BSM chose to voluntarily dismiss its nondischargeability action. Therefore, the discharge order covered and discharged the claims that movants now seek to litigate in State court seeking imposition of a constructive trust on the Residence.

For the foregoing reasons, the Motion to Annul or Modify the Automatic Stay and the Amended Motion will be denied by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of May, 2017

Case No. 14 B 10105
In re: Robert J. Meier.
Updated: 2/16/16

## CERTIFICATE OF SERVICE

I, Alex Dragonetti, certify that on May 25, 2017, I caused to be served copies of the foregoing document to the following by either U.S. Mail or electronic mail to those who have consented to such service.

_____
Relief Courtroom Deputy

Case No. 14 B 10105
In re: Robert J. Meier
Updated 2/16/16

## SERVICE LIST

### Electronic Service through CM/ECF System

**Counsel for Debtor**
John Ruskusky, Nixon Peabody LLP, 70 West Madison Street, Suite 3500, Chicago, IL 60602

**U.S. Trustee**
Dean C Harvalis, Office of the U.S. Trustee, Region 11, 219 S Dearborn St, Room 873, Chicago, IL 60604

**Counsel for Trustee, Robert B. Katz**
David Brown; Elizabeth A. Bates; Springer Brown, LLC, 400 South County Farm Road, Suite 330, Wheaton, IL 60187

**Counsel for Ungaretti & Harris LLP**
R Scott Alsterda; Theodore E Harman; John T Ruskusky; Ungaretti & Harris LLP, 3500 Three First National Plaza, Chicago, IL 60602

**Counsel for Capstone Valuation Services, LLC**
Mark A Berkoff; Kevin G Schneider; Neal, Gerber & Eisenberg LLP, Two North LaSalle Street, Suite 1700, Chicago, IL 60602-3801

**Counsel for Edward Shrock and Baby Supermall**
Steve Jakubowski, Robbins, Salomon & Patt, Ltd., 180 N. LaSalle Street, Suite 3300, Chicago, IL 60601

John Xydakis, Law Offices Of John Xydakis, 125 W 55th Street Suite 201, Clarendon Hills, IL 60514

**Counsel for Martha Meier**
John F Hiltz; Blair R Zanzig; Hiltz Wantuch & Zanzig LLC, 53 West Jackson Blvd., Suite 205, Chicago, IL 60604

### VIA FIRST CLASS MAIL

Mr. Robert Meier
2307 North James Court
Arlington Heights, IL 60004
e-mail address: RJMBSM@gmail.com
Debtor Pro Se